Fernando Rivera LEYVA, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 14–71382.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2015.[*]

Filed July 31, 2015.

Zulu Ali, Law Office of Zulu Ali, Riverside, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Anthony John Messuri, Esquire, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

## MEMORANDUM [**]

Fernando Rivera Leyva, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir.2008). We deny in part and dismiss in part the petition for review.

Rivera Leyva testified that bandits assaulted him four times while working as a taxi driver in Mexico, and that he fears he or his family members will be kidnapped if he returns. Substantial evidence supports the BIA's finding that, even if Rivera Leyva demonstrated an exception to excuse his untimely application, he failed to establish that he was or would be harmed on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir.2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir.2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We lack jurisdiction to consider Rivera Leyva's contention that the bandits were drug cartel members, and his contention regarding witnesses as a social group because he did not raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (court lacks jurisdiction to review issues or claims not raised in administrative proceedings below). Thus, we deny the petition as to his asylum and withholding of removal claims. *See Zetino*, 622 F.3d at 1015–16.

Finally, substantial evidence supports the agency's denial of Rivera Leyva's CAT claim because he failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya*, 524 F.3d at 1073.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Rivera Leyva does not challenge the BIA's decision declining to consider the new evidence he submitted on appeal to the BIA, *see Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996), and we do not consider it here, *see Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.